UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 12-10430-JGD |
| THE CITY OF BROCKTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL AND FOR THE DEFENDANTS TO PRODUCE DOCUMENTS THAT THEY CLAIM ARE PRIVILEGED

June 10, 2014

DEIN, U.S.M.J.

## I. INTRODUCTION

This matter was before the court on a motion brought by plaintiff Ken Williams to disqualify Attorney Gregory Galvin, counsel for the Brockton Retirement Board ("BRB"), and to compel him to produce his file. (Docket No. 93). As grounds for the motion, Williams argues that Attorney Galvin "ought to be a witness" in this case, primarily because of his alleged role as an investigator in connection with Williams' workers' compensation claim. In addition, Williams contends that there is a conflict between Attorney Galvin's role as attorney for the City of Brockton and his role as counsel for BRB in this litigation. At oral argument on the motion on May 20, 2014, this court denied the motion. This decision is intended to elucidate that ruling.

## II. ANALYSIS

Williams argues that Attorney Galvin should be disqualified under two Massachusetts Rules of Professional Conduct – Rules 3.7 and 1.7. As detailed herein, neither of these Rules warrants disqualification in the instant case.

### A. Attorney as Witness

Rule 3.7 of the Massachusetts Rules of Professional Conduct provides that disqualification is appropriate when a lawyer "is likely to be a necessary witness" in a case. The Rule is not absolute, however, and the Rule provides further that a lawyer may act as a witness and an advocate where "(1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." Rule 3.7(a). The primary purpose of the Rule is "to prevent the jury as fact finder from becoming confused by the combination of the roles of attorney and witness." Steinert v. Steinert, 73 Mass. App. Ct. 287, 291, 897 N.E.2d 603, 606 (2008). There are "severe consequences of stripping a party of chosen counsel[,]" and judges are counseled to proceed with "deliberate caution" when considering requests for disqualification. Smaland Beach Ass'n, Inc. v. Genova, 461 Mass. 214, 220, 959 N.E.2d 955, 962-63 (2012). The court must "reconcile 'the right of a person to counsel of his choice on the one hand, and the obligation of maintaining the highest standards of professional conduct and the scrupulous administration of justice, on the other.'" Id. at 220, 959 N.E.2d at 963

(quoting Slade v. Ormsby, 69 Mass. App. Ct. 542, 545, 872 N.E.2d 223, 226 (2007) (additional quotations omitted)).

In the instant case, Williams' principal contention is that Attorney Galvin should be a witness in this case because he served as an "investigator" in connection with Williams' July 12, 2008 "injured on duty claim" for a blood exposure situation. Williams contends that his claim was not processed in a timely manner, and was initially improperly denied. His claim was eventually approved on April 7, 2009, after he filed a grievance. Attorney Galvin represented the City in the grievance hearing.

Attorney Galvin denies that he was an "investigator" in connection with the plaintiff's claim, and argues that his role was limited to serving as counsel during the grievance proceeding. The record supports Attorney Galvin's description of his role. The 30(b)(6) deposition of Mary Milligan from the City of Brockton establishes that Attorney Galvin was hired only after Williams' claim was denied, and after Williams had filed a grievance. (See Tr. (Docket No. 101) at 17-18). This court has reviewed *in camera* the document from Attorney Galvin's office establishing that the first date of his involvement with Williams' claim was after the grievance was filed. Since Attorney Galvin did not investigate Williams' claim prior to its denial, there is no need for him to be called as a witness on this issue. Moreover, this court finds that Attorney Galvin has appropriately asserted the attorney-client privilege in connection with Williams' "injured on duty" claim. Consequently, he does not need to produce his file to the extent that it contains privileged documents.

Williams argues further that Attorney Galvin should be called as a witness in this matter due to confusion in the record between meetings on April 23, 2010 and April 27, 2010. This court disagrees. It is Williams' position that representations were made to him at a meeting he had with William Parlow on April 23, 2010, which representations form the basis of some of his claims. The defendants deny that Parlow was acting in his official capacity at any such "meeting." Regardless of the outcome of that dispute, it is agreed by all that Attorney Galvin was not present during the conversation of April 23. Any information he may have about what was said would be hearsay. Where, as here, "the information sought from the attorney-witness can be presented in a different manner," and "would be cumulative or marginally relevant" if at all admissible, there is no reason to call Attorney Galvin as a witness. See Smaland, 461 Mass. at 221, 959 N.E.2d at 963. Therefore, the motion to disqualify Attorney Galvin because he may be called as a witness is denied.

### B. Conflict of Interest

Williams also cites to Rule 1.7 of the Massachusetts Rules of Professional Conduct in support of his request to disqualify Attorney Galvin. Rule 1.7 prohibits an attorney from representing a client (a) "if the representation of that client will be directly adverse to another client," or (b) "if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests[.]" The Rule further provides that continued representation nevertheless is appropriate if "(1) the lawyer reasonably believes the representation will

not be adversely affected; and (2) the client consents after consultation." The burden is on the party moving for disqualification "to establish the need to interfere with" the attorney-client relationship. Steinert, 73 Mass. App. Ct. at 288, 897 N.E.2d at 605. Williams has not met his burden.

The basis for Williams' contention that there is a conflict of interest either between Attorney Galvin and his client, or Attorney Galvin and the City, is unclear.[1] He certainly has not established that an "actual" or "genuine" conflict of interest exists such that "the independent professional judgment of trial counsel is impaired, either by his own interests, or by the interests of another client." Commonwealth v. Perkins, 450 Mass. 834, 852, 883 N.E.2d 230, 246 (2008) (quotations omitted). Nor has he even defined how a potential conflict exists as a result of Attorney Galvin's continued representation of the BRB in the instant case. Id. (courts distinguish between actual and potential conflicts of interest). Finally, Attorney Galvin has represented to the court, and

---

[1] Williams describes the potential conflict as follows:

> For example, Williams contends that Galvin's conclusions to deny his routine blood exposure claim were part of the concerted effort by the City. These facts conflict with and stand to prejudice the BRB's position which, as expressed by counsel Galvin, is that the BRB's actions towards Williams are "completely separate" and uninfluenced by the City. The facts developed; [sic] however, demonstrate that Attorney Galvin has acted as an agent for both the City and the BRB during material, relevant times concerning the Complaint.

(Pl.'s Mot. (Docket No. 93) at 8). Even assuming that this scenario would depict a conflict situation, in light of this court's finding that Attorney Galvin did not serve as an investigator in connection with Williams' claim, it is unclear how counsel served as "an agent for both the City and the BRB during material, relevant times[.]"

counsel for the City has confirmed, that neither the BRB nor the City either see a conflict or object to Attorney Galvin's continued role in this litigation. Therefore, Rule 1.7 does not warrant his disqualification.

### III. <u>CONCLUSION</u>

For all the reasons detailed herein and in open court, plaintiff's "Motion to Disqualify Counsel and for the Defendants to Produce Documents that they Claim are Privileged" (Docket No. 93) is denied.

       / s / Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge